RICHARD M. LEE
**Special Attorney**
**Acting Under Authority**
**Conferred by 28 U.S.C. § 515**
**U.S. Attorney's Office**
**Quentin N. Burdick U.S. Courthouse**
**655 First Ave. North, Suite 250**
**Fargo, ND 58102**
**Phone:      (701) 297-7400**
**FAX:        (701) 297-7405**
**Email:      Richard.Lee3@usdoj.gov**

TARA ALLISON
**Trial Attorney**
**(202) 598-7882**
**tara.allison@usdoj.gov**
**TAYLOR PAYNE**
**Trial Attorney**
**(202) 445-5579**
**taylor.payne@usdoj.gov**
**Civil Rights Division**
**150 M St NE**
**Washington, DC 20002**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR-26-30-BLG-WWM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| **MURRELL DOUGLAS DEELA,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by and through counsel Richard M. Lee, Special Attorney,

Acting Under Authority Conferred by 28 U.S.C. § 515, Trial Attorney Tara

RML   MJ   RW   3/12/2026
AUSA   DEF   ATTY   DATE                                    Page 1

Allison, and Trial Attorney Taylor Payne ("the United States"), and the Defendant, Murrell Douglas Deela, and his attorneys, Mark D. Parker and Ryan J. Warner, have agreed upon the following:

1.    **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana, the Civil Rights Division of the United States Department of Justice, and the Defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, and does not bind the United States Probation Office.

2.    **Charges:** The Defendant agrees to plead guilty to the Information charging him with:

a. Sexual Abuse, in violation of 18 U.S.C. §§ 2242(3) and 1152. Sexual Abuse carries a maximum possible penalty of Life imprisonment; a $250,000 fine; and five years' to lifetime supervised release. 18 U.S.C. § 3583(k). Restitution is mandatory.

b. False Statement or Representation Made to a Department or Agency of the United States, in violation of 18 U.S.C. § 1001(a)(2). False Statement or Representation Made to a Department or Agency of the United States carries

RML    MD    RW    3/12/2026
AUSA    DEF    ATTY    DATE

a maximum possible penalty of eight years' imprisonment; a $250,000 fine; and three years' supervised release.

3.    **Nature of Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case and will be governed by Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. The Defendant acknowledges that the agreement will be fulfilled, provided that the United States makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea, even if the Court does not follow or accept the recommendations made by the United States.

*Agreement as to Restitution*: The Defendant agrees to be responsible for complete restitution to Minor One and the United States regardless of whether a count or counts of the Information have been pursued and/or dismissed as part of this plea agreement. 18 U.S.C § 3663(a)(3).

4.    **Admission of Guilt:** The Defendant will plead guilty to (1) Sexual Abuse; and (2) False Statement or Representation Made to a Department or Agency of the United States because the Defendant is in fact guilty of those offenses.

RML    MW    RW    3/12/2026
AUSA    DEF    ATTY    DATE

In pleading guilty to Sexual Abuse, the Defendant acknowledges that:

First, the Defendant knowingly engaged in a sexual act with Minor One without Minor One's consent, and did so through coercion;

Second, the Defendant knew that Minor One did not consent to the sexual act; and

Third, the offense occurred within the special maritime and territorial jurisdiction of the United States; to wit, the exterior boundaries of the Northern Cheyenne Indian Reservation.

In pleading guilty to False Statement or Representation Made to a Department or Agency of the United States, the Defendant acknowledges that:

First, the Defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Federal Bureau of Investigation;

Third, the Defendant acted willfully; that is, the Defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Federal Bureau of Investigation; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

5.    **Waiver of Rights by Plea:**

(a)    The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement given under oath during

RML    MD    RW    3/12/2026
AUSA    DEF    ATTY    DATE                                              Page 4

the plea colloquy.

(b)     The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The Defendant has the right to a jury trial unless, by written waiver, the Defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d)     The Defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected from a venire drawn at random. The Defendant and the Defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

| RML | NVD | RnV | 3/12/2026 |
|------|------|------|------|
| AUSA | DEF | ATTY | DATE |

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the Defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the Defendant to reversal of the conviction.

(j)     The Defendant has a right to have the district court conduct the

RML    AN    RW    3/12/2026
AUSA    DEF    ATTY    DATE

change of plea hearing required by Rule 11 of the Federal Rules of Criminal Procedure. By execution of this agreement, the Defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)    If convicted in this matter, a Defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The Defendant understands that by pleading guilty pursuant to this agreement, the Defendant is waiving all of the rights set forth in this paragraph. The Defendant's attorney has explained those rights and the consequences of waiving those rights.

6.    **Recommendations:** If the high-end of the Guideline range as calculated by the Court is 210 months' imprisonment or higher, the United States will recommend a sentence at the low-end of the United States Sentencing Guideline (U.S.S.G.) range as that range is determined by the Court. Otherwise, the United States will recommend a sentence within the Guideline range. The United States will recommend the Defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), unless he

RML       NW)      Rw    3/12/2026
AUSA    DEF    ATTY    DATE                                          Page 7

is found to have obstructed justice between his acceptance of this plea agreement and the time of sentencing, pursuant to U.S.S.G. § 3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), if appropriate under the Guidelines.

The parties reserve the right to make any other arguments at the time of sentencing. The Defendant understands that the Court is not bound by this recommendation.

7.    **Sentencing Guidelines:** Although advisory, the parties agree that the United States Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Waiver of Appeal of the Sentence – Unconditional:** The Defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the Defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the

RML    /\M/\)    RW    3/12/2026
AUSA    DEF    ATTY    DATE

constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The Defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case, except where the Defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the Defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the Guideline range calculated by the court.

9.    **Voluntary Plea:** The Defendant and Defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10.    **Detention/Release After Plea:** The United States agrees that it will not move for detention pending sentencing but will defer to the discretion of the Court regarding the decision as to whether the Defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the Defendant has clearly shown

RML      DEF      RW      3/12/2026
AUSA    DEF    ATTY    DATE

exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the Defendant's eligibility for post-conviction release. The Defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11.    **Sexual Offender Requirements and Agreement to Comply:** Prior to sentencing, the Defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the United States Probation Office and that such evaluation will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators. In exchange for the concessions made by the United States, the Defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement. The Defendant agrees that prior to the date that sentencing memoranda are due to the Court, the entire evaluation and all testing will be released to the Court, the United States, and the United States Probation Office.

12.    **Megan's Law/Adam Walsh Act Notice:** The Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep his registration current in

RML      MO      RW      3/12/2026
AUSA    DEF    ATTY    DATE                                              Page 10

each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment, and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The Defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13.    **FOIA Waiver:** The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C.

| RML | M∩ | RW | 3/12/2026 |
|-----|-----|------|------|
| AUSA | DEF | ATTY | DATE |

§ 552a.

14.    **Breach:** If the Defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the United States is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

15.    **Entire Agreement:** Any statements or representations made by the United States, the Defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

//

//

//

//

//

RML    DEF    RW    3/12/2026
AUSA   DEF    ATTY    DATE                                          Page 12

RICHARD M. LEE
Special Attorney
Acting Under Authority Conferred by 28
U.S.C. § 515

TARA ALLISON
Trial Attorney

FOR TAYLOR PAYNE
Trial Attorney

MURRELL DOUGLAS DEELA
Defendant

For MARK D. PARKER
Defense Counsel

RYAN J. WARNER
Defense Counsel

| RML | MD | Rw | 3/12/2026 |
|-----|-----|-----|-----|
| AUSA | DEF | ATTY | DATE |